**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IVAN J. TEXLER, <br><br> Plaintiff, <br><br> v. <br><br> NEW YORK CITY DEPARTMENT OF EDUCATION and THE CITY OF NEW YORK, <br><br> Defendants. | ECF/CM Case <br><br> **Case No.** <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Plaintiff, IVAN TEXLER ("Plaintiff" or "TEXLER"), by and through his attorneys, MASON LAW, PLLC., brings this action against Defendants, NEW YORK CITY DEPARTMENT OF EDUCATION and THE CITY OF NEW YORK ("NYCDOE" and "City of New York" collectively "Defendants"), and respectfully alleges, as follows:

**INTRODUCTION**

1. This is an action to redress unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., the New York State Human Rights Law ("State Human Rights Law") N.Y. Exec. L. §290 *et seq.,* and the New York City Human Rights Law ("City Human Rights Law"), N.Y.C. Admin. Code §8-101 *et seq*.

2. Plaintiff seeks injunctive and declaratory relief, reinstatement with seniority and all benefits, compensatory damages, back pay, attorney fees together with the costs and disbursements of this action, and other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

3. Plaintiff is commencing suit within 90 days of receipt of the notice of the right to sue letter.

4. This Court has Jurisdiction over Federal Law claims 28 U.S.C. §1331 and supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

5. This action properly lies within the Eastern District of New York, pursuant to 28 U.S.C. §1391, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district.

## NATURE OF THE ACTION AND THE PARTIES

6. Plaintiff is a former tenured teacher with The New York City Department of Education, ("NYCDOE") and brings this lawsuit against his previous employer to remedy discrimination based upon his status as being Jewish. NYCDOE subjected Plaintiff to religious discrimination and a hostile and discriminatory work environment in violation of Federal Law.

7. The Plaintiff is a resident and a domiciliary of the County of Kings, State of New York.

8. At all times relevant to the Complaint, Plaintiff was a "person" within the meaning of NYCHRL § 8-102(1) and an employee as defined by Title VII, the NYSHRL and NYCHRL.

9. Plaintiff is an Orthodox Jewish male and a former employee of NYCDOE. At all times material hereto, Plaintiff was employed by Defendant NYCDOE as a Tenured Teacher at Public School 100 (PS100), The Coney Island School, located at 2951 W 3rd St, Brooklyn, NY 11224.

10. The NYCDOE is a municipal corporation under the laws of the State of New York in charge of all public schools in the City of New York. At all times relevant to this complaint

Defendants NYCDOE and The City of New York where Plaintiff's employer as that term is defined by the New York State Human Rights Law and the New York City Human Rights Law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). A notice of the right to sue was issued and received on December 11th, 2025. This action was properly commenced within ninety (90) days of Plaintiff's receipt of said notice.

## STATEMENT OF FACTS

12. Plaintiff was employed as a tenured teacher from 1999 through September 7th, 2023, when he was wrongfully terminated from his employment.

13. Antisemitism is rampant throughout the New York City public school system, and no school administrators are limiting or stopping the blatant harassment given to Jewish employees throughout the City, and particularly in PS100 where Plaintiff was teaching before his termination.

14. The NYCDOE has engaged in a pattern of targeted actions, intentional discrimination, and retaliation against Orthodox Jewish male employees, including Plaintiff here, solely on the basis of protected categories of sex and religion.

15. Plaintiff was the only orthodox Jewish teacher at PS100 and was given disparate treatment solely because of his sex and religion,

16. After 24 years as a teacher for the NYCDOE Plaintiff was accused of improperly giving hugs to students when they were in an anxious state, giving little gifts to students for excellent grades, a great performance, etc.; giving a teddy bear to a student, giving a

lollipop to a student, giving a small doll to a student and waiting in the third floor staircase in order to solicit and receive hugs students during the 2020-2021 school year.

17. The principal of PS100 The Coney Island School Chiara Spagnolo ("Principal Spagnolo") and other teachers and/or staff, except for Plaintiff, were permitted to give hugs to students who were in an anxious state and to give little gifts to students for excellent grades, an exceptional performance, etc. No one except Plaintiff was punished in any way for engaging in such behavior.

18. When Plaintiff engaged in these acts Plaintiff was accused by fellow teachers of improperly hugging students and giving lollipops and a teddy bear as gifts to students while no one else was singled out or charged with misconduct for similar behavior except Plaintiff, the sole male Orthodox Jewish faculty member in the school accused of such impropriety.

19. On June 17th, 2021, Carmen Serrano ("Serrano") was employed as a Guidance Counselor at PS100 the Coney Island School by the NYCDOE, reported to Principal Spagnola that Student "A" came to her told her that she felt "weirded out and uncomfortable" because Plaintiff was giving Student "A" daily hugs, and that he was waiting for Student "A" each day.

20. Serrano also alleged that Plaintiff was also hugging Student "G" daily. Neither Student "A" nor Student "G" were assigned to Plaintiff's class during the 2020-2021 school year.

21. During the same time period, another teacher, Ms. Nicole Weingard, reported to Principal Spagnolo that she noticed some students' demeanor would change when they were around Plaintiff, e.g., they would become visibly uncomfortable in his presence.

22. On June 22, 2021, faculty member Kathyrn Venturini ("Venturini") complained to Principal Spagnolo about Plaintiff's alleged behavior but admitted that she routinely hugged students

and students routinely hugged her. Despite that admission, Venturini was not, and has not been, subject to any discipline as a result of her activities. Venturini is a female and not a practitioner of the Orthodox Jewish religion.

23. These false allegations were reported to the NYCDOE's Office for Special Investigation who, after a brief alleged investigation, substantiated the baseless allegations against Plaintiff without any discussion with Plaintiff.

24. On January 23rd, 2023, charges were filed against the Plaintiff alleging misconduct, neglect of duty, inappropriate touching, insubordination and conduct unbecoming his position under New York Education Law 3020-a.

25. 'But for' Plaintiff's religious status as a male Orthodox Jew, the allegations against him would not have been made, the investigation would not have occurred, and Plaintiff would not have been charged under New York Education Law 3020-a.

26. From April 2023 through August 2023 Plaintiff was then subjected to a multi-day 3020-a hearing procedure in regard to allegations made against him by the Defendants wherein documents were reviewed and testimony taken.

27. At the hearing plaintiff disputed many of the allegations made against him. Plaintiff testified that he was trained on sexual harassment and was never told that hugs were inappropriate. Furthermore, plaintiff denies ever sexually harassing or engaging in inappropriate touching with any student.

28. The "3020-a" arbitration process allows arbitrators to review the circumstances surrounding an incident but never the bigger issues such as discrimination, retaliation, or disparate treatment.

29. In addition, Plaintiff testified that he never sought hugs from students or called them over for hugs, but students came to him for hugs to "acknowledge" his work with the students.

30. Plaintiff states that he never initiated hugs with students, and that he never called students over for a hug. Plaintiff states that he has observed other teachers hugging students without repercussions.

31. Plaintiff denies that he waited in the stairwell to hug students and denies giving full-embrace or bear hugs to students.

32. Plaintiff also testified that he gave gifts to both male and female students and he had been doing so throughout his career and such gifts would be rewards for good behavior, good work, graduation and holidays such as Christmas and Valentine's Day.

33. Despite the Plaintiff's testimony and documentary evidence Plaintiff was found guilty of the charges made against him by the Defendants and was terminated from his teaching position on September 7th, 2023.

34. 'But for' Plaintiff's religious status as a male Orthodox Jew, the allegations against him would not have been made, the investigation would not have occurred, and Plaintiff would not have been charged under New York Education Law 3020-a and terminated after the hearing.

35. Thus, Plaintiff alleges here that the actions of the Defendants in levying the allegations against him, conducting an investigation, charging Plaintiff under New York Education Law 3020-a and terminating him would not have occurred but for him being a male practitioner of the Orthodox Jewish religion.

36. In March 2025, Plaintiff attempted to obtain a new position in education however as a result of his termination his record was flagged by a Problem Code often referred to as "no

hire/inquiry". This Code prohibits Plaintiff from working at the NYCDOE in any capacity and bars Plaintiff from working with NYCDOE vendors of the Department, as well as charter and private schools which get funding from the NYCDOE Galaxy budget.

37. Plaintiff's life and career has been permanently tainted by the religious discrimination and harassment he received from his employer.

38. Plaintiff was terminated for pre-textual reasons to mask the discriminatory and retaliatory intent.

## COUNT - I
## Title VII: Termination of Employment
## Because of Sex and Religion

39. Plaintiff repeats and realleges every factual allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

40. Title VII of the Civil Rights Act of 1964 provides that:

    a. It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin, or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

41. As described above, Defendants have subjected Plaintiff to discrimination and maintained a hostile work environment and subjected him to an atmosphere of adverse actions in violation of Title VII of the Civil Rights Act of 1964.

42. By reason of the foregoing discriminatory conduct by Defendant, Plaintiff has been damaged.

## COUNT II
## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW (NYSHRL)

43. Plaintiff repeats and realleges every factual allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

44. By the acts and practices described above, Defendants retaliated against Plaintiff in connection with the terms, conditions, and privileges of his employment including but not limited to his termination due to his protected activity in violation of NYSHRL, NY Exec. L. §§290 et seq., and more particularly, NY Exec. L. 296.

45. By the acts and practices described above, Defendants discriminated against Plaintiff in violation of NYSHRL, NY Exec. L. §§290 et seq., and more particularly, NY Exec. L. §296 by, inter alia, subjecting Plaintiff to a hostile and abusive work environment and termination.

46. As a proximate result of Defendants' discrimination and retaliation, which contributed to creating a hostile and abusive work environment, Plaintiff suffered and continues to suffer substantial loss of earnings and other employment benefits.

47. As a proximate result of Defendants' discriminatory actions, Plaintiff suffered and continues to suffer severe and lasting emotional distress, embarrassment, humiliation and mental and physical anguish.

48. Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights.

49. As a result of Defendants' actions, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## COUNT III
## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW (NYCHRL)

50.  Plaintiff repeats and realleges every factual allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

51. By the acts and practices described above, Defendants retaliated against Plaintiff in connection with the terms, conditions, and privileges of his employment including but not limited to his termination due to his protected activity as a religious Jew in violation of the NYCHRL, NY Admin Code §§8-101 et seq., and NYC Admin Code §8-107.

52. As a proximate result of Defendants' discriminatory and retaliatory actions, which contributed to creating a hostile and abusive work environment, Plaintiff suffered and continues to suffer substantial loss of earnings and other employment benefits.

53. As a proximate result of Defendants' discriminatory and retaliatory actions, which contributed to creating a hostile and abusive work environment, Plaintiff suffered and continues to suffer severe and lasting emotional distress, embarrassment, humiliation and mental and physical anguish.

54. Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights.

55. As a result of Defendants' actions, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in favor of Plaintiff and against NYCDOE, and Order the following relief:

a.  Accept jurisdiction over this matter.

b.  Order the Defendants to compensate Plaintiff for his past and future loss of wages and benefits, plus interest.

c.  Enter judgment in favor of Plaintiff for such amount as may be awarded by a jury for compensatory damages for his physical and emotional suffering and loss of enjoyment of life.

d.  Reinstate Plaintiff to the same position or a position comparable to his former position or, in lieu of reinstatement, award him back pay (including benefits).

e.  Award Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

f.  Grant such additional or alternative relief as may appear to this Court to be just and equitable.

## **JURY DEMAND**

Plaintiff demands a jury trial for all issues triable by jury.

Dated: New York, New York
        February 27th, 2026

MASON LAW, PLLC.
By: **/s/ D. Christopher Mason**
D. Christopher Mason, Esq.
11 Broadway – Suite 615
New York, New York 10004
212-498-9691
Attorneys for Plaintiff