1:26-cv-01186

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IVAN J. TEXLER,

Plaintiff,

– against –

NEW YORK CITY DEPARTMENT OF EDUCATION and THE CITY OF NEW YORK

Defendants.

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

***STEVEN BANKS***
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street, Room 2-108*
*New York, New York 10007*

*Of Counsel: Eric Vetterlein*
*Tel: (212) 356-5044*

# TABLE OF CONTENTS


**Page**

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 3

POINT I .......... 3

PLAINTIFF'S PREVIOUS 3020-a HEARING AND SUBSEQUENT ARTICLE 75 PETITION CHALLENGING THE RATIONALITY AND FAIRNESS OF THE 3020-a HEARING PRECLUDE PLAINTIFF FROM RELITIGATING HIS TERMINATION .......... 3

POINT II .......... 6

PLAINTIFF'S CLAIMS MUST BE DISMISSED AS TIME BARRED .......... 6

A. Plaintiff Failed to File a Charge with the EEOC Within 300 Days of His Termination .......... 6

B. The Statute of Limitations for SHRL and CHRL Claims against DOE is One Year, Not Three Years .......... 7

POINT III .......... 9

PLAINTIFF FAILS TO STATE A DISCRIMINATION OR RETALIATION CLAIM .......... 9

CONCLUSION .......... 10

CERTIFICATE OF COMPLIANCE .......... 11

## TABLE OF AUTHORITIES


**Page(s)**

**Cases**

Amorosi v. South Colonie Ind Cent. Sch. Dist.,
880 N.E.2d 6 (2007)....8

Arrocha v. City Univ. Of N.Y.,
878 F. Supp. 2d 364 (E.D.N.Y. 2012), *aff'd*, 523 F. App'x 66 2d Cir. 2013 ....9

Bermudez v. City of New York,
783 F.Supp.2d 560 (S.D.N.Y. 2011)....10

Burkybile v. Board of Education of the Hastings-on-the-Hudson Union Free School,
411 F.3d 306 (2d Cir. 2005), cert. den. 546 U.S. 1062 (2005) ....3

Ikedilo v. Statter,
No. 23-7947, 2025 ....9

Mazur v NY City Dept. of Educ.,
621 F App'x 88 (2d Cir. 2015) (*collecting cases*)....6

Mohammed v. New York City Dept. of Educ.,
932 F.Supp.2d 420 (E.D.N.Y. 2013) ....4, 6

Monell v. Department of Soc. Svcs.,
436 U.S. 658 (1978)....4

Nat'l R.R. Passenger Corp. v. Morgan,
536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)(*cleaned up*)....7

Pinder v. City of New York, A.D.3d 280, 281 ....9

Ragone v. Atlantic Video,
595 F.3d 115 (2d Cir. 2010)....7

Riccardo v NY City Dept. of Educ.,
2016 US Dist. LEXIS 167081 (S.D.N.Y. Dec. 2, 2016) ....8

ROSS V. PORT CHESTER HOUS. AUTH.,
2019 U.S. DIST. LEXIS 168768 (S.D.N.Y. SEPT. 27, 2019) ....2

Rubin v. New York City Bd. of Educ,
No. 20 Civ. 10208 (LGS) (KHP), 2023 U.S. Dist. LEXIS 2832 (S.D.N.Y. Jan. 6, 2023) ....8

Schwartz v. Middletown City Sch. Dist.,
No. 23-CV-1248 (KMK), 2024 US Dist. LEXIS 56699 ........ 8

Smith v NY City Dept. of Educ.,
808 F.Supp.2d 569 (S.D.N.Y. 2011) ........ 6

Tanvir v. N.Y.C. Health & Hosps. Corp.,
480 F. App'x 620 (2d Cir. 2012) ........ 7

**Statutes**

42 U.S.C. § 2000e-5(e) ........ 7

CHRL ........ 1, 3, 8, 9, 10

Civil Rights Act of 1964 Title VII ........ 1

Education Law § 3813 ........ 8, 9

N.Y. Education Law § 3813(2-b) ........ 8

New York Education Law ........ 3

New York Education Law § 3020-a ........ 1, 3, 4

New York Education Law §§ 3813(1) ........ 8

SHRL ........ 1, 3, 8, 9, 10

Title VII ........ 1, 2, 6, 7, 8, 10

## PRELIMINARY STATEMENT

Plaintiff Ivan Texler ("Plaintiff"), is a former teacher with the New York City Department of Education ("DOE"), whose employment was terminated after the conclusion of an eleven-day hearing pursuant to New York Education Law § 3020-a ("3020-a hearing"), where the Hearing Officer found Plaintiff guilty of misconduct, inappropriate touching, insubordination, and conduct unbecoming of his position. The 3020-a hearing came as a result of multiple complaints made by female students who attended PS 100 (a pre-K through fifth grade elementary school), who reported to the school guidance counsellor and principal that Plaintiff was making the female students feel uncomfortable by seeking them out and calling them over to give Plaintiff daily hugs. Plaintiff brings this federal action pursuant to Title VII of the Civil Rights Act of 1964, ("Title VII"), New York State Human Rights Law ("SHRL"), and New York City Human Rights Law ("CHRL"), alleging claims for discrimination and hostile work environment on the basis of gender and religion (male Orthodox Jew) and retaliation.

Defendants moved to dismiss the Complaint because: 1) all of Plaintiff's claims are barred by the doctrine of collateral estoppel and *res judicata*, due to the underlying 3020-a hearing and the subsequent CPLR Article 75 proceeding in New York state court; 2) Plaintiff's Title VII claims are untimely because he failed to file a charge with the EEOC within 300 days of his termination; 3) Plaintiff's SHRL and CHRL claims are barred by the one-year statute of limitations applicable to claims against the DOE; and 4) Plaintiff fails to state a discrimination or retaliation claim because he fails to allege facts sufficient to demonstrate a causal connection between his termination and his protected class, or that he engaged in any protected activity prior to his termination.

Plaintiff's opposition fails to overcome these procedural bars and pleading deficiencies. In fact, Plaintiff does not challenge Defendants' arguments that he did not engage in

any protected activity prior to his termination, or allege any gender discrimination in his EEOC charge. Therefore, Plaintiff has abandoned his retaliation claims and his Title VII gender-based discrimination claim. The same is true for Defendants' argument that the City is an improper party in this action.

In an unavailing attempt to address the collateral estoppel and *res judicata* argument, Plaintiff makes contradictory arguments: that he did not raise theories of religious discrimination as a defense during his 3020-a hearing, but also that the decision by the Hearing Officer was pre-determined and a pretext for religious discrimination. But Plaintiff already challenged the 3020-a hearing decision by appealing in an Article 75 proceeding, in which he raised the identical argument as he raises in the instant matter- "but for' [Plaintiff] being an Orthodox Jew, he would not have been charged or found guilty of misconduct." Notably, in the Article 75 proceeding, the state court found that the prior 3020-a hearing was not predetermined nor pretext for religious discrimination, and that the decision was rational, supported by the evidence, and the penalty of termination did not shock conscience. Plaintiff's opposition ignores the preclusive effect of the Article 75 proceeding, and merely asserts that the 3020-a hearing, on its own, does not bar his claims.

Furthermore, Plaintiff's opposition incorrectly asserts that the statute of limitations for SHRL and CHRL claims against DOE is three years, notwithstanding the fact that the law is clear that it is actually one year. He also appears to completely misunderstand the argument regarding the timeliness of an EEOC charge, maintaining he was required to file one within 300 days of accrual of his claims, not one year, but also not disputing that he filed the EEOC charge on August 22, 2025, which is 715 days after his termination on September 7, 2023.

For the reasons discussed below, and those set forth in Defendant's moving papers, the Complaint should be dismissed with prejudice.

## ARGUMENT

### POINT I

### PLAINTIFF'S PREVIOUS 3020-a HEARING AND SUBSEQUENT ARTICLE 75 PETITION CHALLENGING THE RATIONALITY AND FAIRNESS OF THE 3020-a HEARING PRECLUDE PLAINTIFF FROM RELITIGATING HIS TERMINATION

Plaintiff does not challenge the well-established legal precedent that a 3020-a hearing "is a quasi-judicial administrative action whose findings are entitled to preclusive effect." Burkybile v. Board of Education of the Hastings-on-the-Hudson Union Free School, 411 F.3d 306, 308 (2d Cir. 2005), cert. den. 546 U.S. 1062 (2005). Nor does Plaintiff deny that he fully participated in the 3020-a hearing while being represented by an attorney, from his Union, over the course of an eleven-day hearing, where he presented both documentary and testimonial evidence and challenged the disciplinary charges levied against him. Furthermore, Plaintiff does not dispute that the determination to terminate his employment was reviewed, upheld, and confirmed by Justice Richard Montelione of the Kings County Supreme Court, by decision and order dated November 25, 2024. See **Exhibit E.**[1] Instead, Plaintiff maintains the issues and allegations related to his claims for antisemitism, religious discrimination, and retaliation were not addressed

[1] All references to Exhibits in this Memorandum of Law refer to the documents annexed to the Declaration of Eric Vetterlein, dated July 31, 2026.

or mentioned in the 3020-a hearing or the Article 75 proceeding[2]. See Plaintiff's Opposition ("Pl. Opp.") at p. 11. This argument is wholly without merit.

As Defendants established in their initial papers, Plaintiff is precluded from relitigating his challenge to the charges brought against him at the 3020-a hearing, namely, that he was singled out for hugging elementary school female students, while allegedly other teachers engaged in similar activities without being punished. See **Exhibit A** at p. 30. That argument, which Plaintiff previously raised in his 3020-a hearing, Article 75 proceeding, and here, is premised on an identical issue that Plaintiff was discriminated against and singled out. Additionally, the Hearing Officer's factual findings during the 3020-a hearing are entitled to preclusive effect. Mohammed v. New York City Dept. of Educ., 932 F.Supp.2d 420 (E.D.N.Y. 2013) (holding that plaintiff's discrimination claims are collaterally estopped due to factual findings in plaintiff's Section 3020-a hearing and the state court's Article 75 review).

Specifically, the Hearing Officer found the evidence and testimony demonstrated that Plaintiff positioned himself in strategic locations to solicit hugs from female students on a daily basis and that while other teachers did testify to hugging students infrequently, the testimony and evidence demonstrated that Plaintiff "sought out these students on an almost daily basis to have physical contact with them." See **Exhibit A** at p. 30. Thus, Plaintiff is collaterally estopped from arguing the disciplinary charges were discriminatory based on these factual findings, made after a quasi-judicial administrative action.

---

[2] Plaintiff cites to Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978) in support of this argument. See Pl. Opp. at p. 11. However, Defendants cannot find any basis how Monell, a Supreme Court case establishing that municipal entities can be sued under § 1983 for unconstitutional deprivations when the injury is the result of an officially adopted custom, policy, or practice, has any relevance or nexus to Plaintiff's argument that his religious discrimination claim was not addressed in the prior actions.

Moreover, the Article 75 proceeding leaves no doubt that Plaintiff is precluded from again raising the issue that "'[b]ut' for Plaintiff's religious status as a male Orthodox Jew, the allegations against him would not have been made, the investigation would not have occurred, and Plaintiff would not have been charged." See Complaint at ¶ 34; see also **Exhibit B** at ¶ 31. Plaintiff made the exact same argument, using the exact same language, claiming religious discrimination in both his Article 75 Petition and the instant Complaint. See id. Plaintiff's opposition is tellingly silent as to this fatal flaw and preclusive bar raised by Defendants in their moving papers. Instead, Plaintiff spills a great deal of ink raising irrelevant and incomprehensible arguments about federal arbitration law, inarbitrability, and preemption in an attempt to distract the Court from the fact that Plaintiff undeniably asserts claims in the instant matter that are identical to the claim in his Article 75 Petition. See Pl. Opp. at p. 12-13.

Plaintiff also attempts to argue that *res judicata* and collateral estoppel are inapplicable due to a purported lack of subject matter jurisdiction for the 3020-a Hearing Officer or the state court to analyze Plaintiff's religious discrimination claim, which Plaintiff deems an issue of "public interest." Plaintiff's assertion that his religious discrimination claim is a matter of "public interest," and thus he has not had an opportunity to challenge his disciplinary charges and termination lacks any basis in fact or law, and Plaintiff cites neither to support his argument. See Pl. Opp. at p. 15.

On the contrary, Defendants have demonstrated and cited to multiple cases where this exact issue has occurred, i.e., a 3020-a hearing was conducted to determine disciplinary charges, Plaintiff challenged the disciplinary charges as pretext for discrimination, and subsequently appealed the 3020-a decision in an Article 75 proceeding. See Mazur v NY City Dept. of Educ., 621 F App'x 88, 89 (2d Cir. 2015); Mohammed, 932 F.Supp.2d at 420; Smith v NY City Dept. of

Educ., 808 F.Supp.2d 569, 580 (S.D.N.Y. 2011) ("in finding Smith guilty of the above-mentioned charges and rejecting Smith's arguments that Principal Uehling and others manufactured the charges against him, the parties actually litigated and the hearing officers actually decided that any adverse employment action was justified and not based on impermissible discrimination.") (collecting cases).

Accordingly, Plaintiff's claims are barred by collateral estoppel and *res judicata*.

## POINT II

## PLAINTIFF'S CLAIMS MUST BE DISMISSED AS TIME BARRED

### A. Plaintiff Failed to File a Charge with the EEOC Within 300 Days of His Termination

As was established in Defendant's underlying papers, Plaintiff waited until August 22, 2025, to file his EEOC charge. However, Plaintiff's Title VII claims accrued on September 7, 2023, the date of his termination, which is approximately 715 days before he filed his EEOC charge. See Complaint at ¶ 12. Courts have long held that Title VII claims must first be raised with the EEOC, or equivalent agency, within 300 days of the accrual of the claim. See 42 U.S.C. § 2000e-5(e); Tanvir v. N.Y.C. Health & Hosps. Corp., 480 F. App'x 620, 621 (2d Cir. 2012). Thus, claims regarding acts that occurred more than 300 days prior to the employee's filing a charge with the EEOC are time barred. See Ragone v. Atlantic Video, 595 F.3d 115, 126 (2d Cir. 2010).

Here, there can be no question that the entirety of Plaintiff's Title VII claims arise out of, and began accruing after his termination on September 7, 2023. Moreover, Plaintiff's termination is the sole discrete act that his claims arise out of. Therefore, Plaintiff's time to file an EEOC charge expired on July 3, 2024 (300 days after accrual). Plaintiff failed to file an

EEOC charge within that time and instead delayed his filing until August 22, 2025, and thus his claims arising out of his September 7, 2023 termination are time barred and must be dismissed.

To the extent Plaintiff now argues that the continuing violations doctrine applies or that his claims began accruing at some later date, both of those are arguments are without merit. "A discrete . . . discriminatory act 'occurred' on the day that it 'happened' [and a] party, therefore, must file a charge within . . . 300 days of the date of the act or lose the ability to recover for it." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify." Id. at 114. Plaintiff cannot avail himself of the continuing violation doctrine because he has not plead or mentioned any other occurrence that took place after his termination on September 7, 2023. Instead, Defendants have clearly demonstrated that the sole discrete act that began accrual of Plaintiff's claims is his September 7, 2023 termination.

Thus, Plaintiff's Title VII claims are untimely and must be dismissed.

**B. The Statute of Limitations for SHRL and CHRL Claims against DOE is One Year, Not Three Years**

Notwithstanding Plaintiff's ignorance of the law, by statute, actions and proceedings not founded upon tort against DOE are governed by the one-year statute of limitations. See N.Y. Education Law § 3813(2-b) ("[N]o action or special proceeding shall be commenced against any entity specified in subdivision one of this section more than one year after the cause of action arose . . ."). Plaintiff boldly claims that "Defendants are confusing [their] administrative deadlines" and maintains the statute of limitations for SHRL and CHRL claims against DOE is 3 years. See Pl. Opp. at p. 23. However, while SHRL and CHRL claims are typically subject to a three-year statute of limitations, pursuant to Education Law § 3813, and as courts have repeatedly held, "claims against school districts are subject to a special one-year limitations provision." See

Schwartz v. Middletown City Sch. Dist., No. 23-CV-1248 (KMK), 2024 US Dist. LEXIS 56699, at *25 (S.D.N.Y Mar, 25, 2024); Rubin v. New York City Bd. of Educ, No. 20 Civ. 10208 (LGS) (KHP), 2023 U.S. Dist. LEXIS 2832 at *54 n.14 (S.D.N.Y. Jan. 6, 2023) ("the statute of limitations for state and local claims against the BOE and its officers is also one year"); Riccardo v NY City Dept. of Educ., 2016 US Dist. LEXIS 167081, at *13 (S.D.N.Y. Dec. 2, 2016) ("pursuant to New York Education Law §§ 3813(1), (2-b), a one-year statute of limitations governs NYSHRL and NYCHRL claims against school districts and their officers."); Amorosi v. South Colonie Ind Cent. Sch. Dist., 880 N.E.2d 6, 10 (2007).

Additionally, Plaintiff's assertion that "[t]he 3020-a decision by Arbitrator Cure did not start the clock," is entirely without merit. See Pl. Opp. at p. 23. Here, all of Plaintiff's SHRL and CHRL claims began accruing, at the latest, on September 7, 2023, upon the conclusion of the 3020-a hearing which resulted in Plaintiff's termination (i.e., the adverse employment determination). See, e.g., Ikedilo v. Statter, No. 23-7947, 2025 LEXIS 286039, at *5 (2d Cir. April 2, 2025) ("Contrary to plaintiff's argument[,] . . . an employment discrimination claim accrues on the date that an adverse employment determination is made and communicated to [the] plaintiff, and the possibility that the determination may be reversed is insufficient to toll the limitations period.") (quoting Pinder v. City of New York, A.D.3d 280, 281 (N.Y. App. Div. 2008)); Arrocha v. City Univ. Of N.Y., 878 F. Supp. 2d 364, 369, n.4 (E.D.N.Y. 2012), aff'd, 523 F. App'x 66 2d Cir. 2013) ("It has long been settled that a claim of employment discrimination accrues for statute of limitations purposes on the date the employee learns of the employer's discriminatory conduct [and] the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period.").

Therefore, Plaintiff's SHRL and CHRL claims must be dismissed as time barred because Plaintiff neglected to file his complaint for nearly two and half years after accrual of his claims, which far exceeds the one year statute imposed by N.Y. Educ. Law § 3813 (2-b).

## POINT III

## PLAINTIFF FAILS TO STATE A DISCRIMINATION OR RETALIATION CLAIM

Although Defendants have established *supra* that all of Plaintiff's claims should be dismissed on procedural grounds alone, the Complaint should still be dismissed for an independent reason that Plaintiff fails to state a claim.

Plaintiff's Title VII, SHRL, and CHRL discrimination claims fall woefully short because the Complaint fails to assert any allegations that his termination occurred under circumstances giving rise to an inference of discrimination. In fact, Defendants have established that the factual findings of the 3020-a hearing officer, finding Plaintiff guilty of misconduct and inappropriately touching female students, which is entitled to preclusive effect, was the basis for Plaintiff's termination. The Complaint fails to set forth a single non-conclusory fact that gives rise to even a minimal plausible inference that Plaintiff's termination for misconduct and inappropriately touching female students was pretextual and that the real reason for the challenged action is his protected characteristics (religion and gender). Plaintiff's vague and boilerplate assertions amount to nothing more than the "false syllogism: (1) I am (insert name of protected class); (2) something bad happened to me at work; (3) therefore it happened because I am (insert name of protected class)" are insufficient to constitute a plausible religious discrimination claim. See Bermudez v. City of New York, 783 F.Supp.2d 560, 581 (S.D.N.Y. 2011).

Additionally, as argued *supra*, Plaintiff abandoned his retaliation claims and his Title VII gender discrimination claim, by failing to respond to Defendants' argument in his opposition. "It

is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims." Ross v. Port Chester Hous. Auth., 2019 U.S. Dist. LEXIS 168768, *19 (S.D.N.Y. Sept. 27, 2019) (quoting Wilkov v. Ameriprise Fin. Servs., Inc., 753 F. App'x 44 (2d Cir. 2018) ("We affirm the District Court's dismissal of those claims on the grounds that they were 'abandoned' by Wilkov when she failed to oppose them in her opposition to Ameriprise's motion to dismiss."). Nowhere within the four corners of his Complaint does Plaintiff allege that he engaged in any protected activity prior to his termination. And, as his EEOC charge conclusively established, Plaintiff failed to exhaust administrative remedies for his Title VII gender-based discrimination claim because he did not allege any gender discrimination in his EEOC charge. See generally Pl. Opp.

Accordingly, Plaintiff's discrimination and retaliation claims under Title VII, SHRL, and CHRL must be dismissed.

## CONCLUSION

For the above reasons, and those set forth in Defendants' moving papers, Defendants respectfully request that their motion to dismiss be granted, that the Complaint be dismissed in its entirety, with prejudice.

Dated: New York, New York
September 21, 2026

**STEVEN BANKS**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 2-108
New York, New York 10007

By: /s/ Eric Vetterlein
Eric Vetterlein, Esq.
*Assistant Corporation Counsel*

**CERTIFICATE OF COMPLIANCE**

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed memorandum is produced using 12-point Time New Roman type and, including footnote and excluding the cover page, captions, table of authorities, and table of contents contains approximately 3,072 words, which is less than the total words permitted by the rules of the Court. Counsel relies on the word county of the computer program used to prepare this brief.

Dated: New York, New York
September 21, 2026

Respectfully submitted,

By: /s/ Eric Vetterlein
Eric Vetterlein
*Assistant Corporation Counsel*